## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

### No. 96-20223
### Summary Calendar
_____

In The Matter of: TOMMIE RAY SANFORD

Debtor.

----------------------


KAY BROWN,

Appellant,

versus

TOMMIE RAY SANFORD, doing business as Tommy Ray's,

Appellee.

_____

**Appeal from the United States District Court
for the Southern District of Texas
(CA-H-94-2452)**
_____

July 5, 1996

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

At issue in this appeal from a district court order affirming the bankruptcy court is whether the debtor's liability for a judgment imposed by a state trial court, in which he (Tommie Ray Sanford) was found liable pursuant to the Texas Dram Shop Act for

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

injuries caused by an intoxicated patron of his bar, was dischargeable. The bankruptcy and district courts both held that debt to be dischargeable and not encompassed by 11 U.S.C. § 523(a)(6), which excepts from discharge those debts for willful and malicious injury by the debtor to another entity. We **AFFIRM**.

## I.

On October 2, 1990, Kay Brown was seriously injured when her automobile was struck by another automobile. The other driver, Ed Reasoner, was intoxicated at the time of the accident; he had left "Tommy Ray's", a bar owned by Sanford, immediately prior to the accident, and had been drinking continuously at the bar for several hours.

Brown sued Sanford in state court; he failed to appear; and Brown was awarded judgment for $1.9 million against Sanford d/b/a Tommy Ray's. The judgment provided that Sanford was liable for selling alcoholic beverages to an obviously intoxicated person, in violation of Tex. Alco. Bev. Code Ann. § 202 (The Texas Dram Shop Act); and that Reasoner's intoxication was the proximate cause of Brown's injuries.

Sanford filed under Chapter 7 of the Bankruptcy Code in April 1993, and Brown filed her Complaint to Determine Nondischarge-ability that July, claiming that Sanford's conduct was "willful and malicious" and thus nondischargeable under 11 U.S.C. § 523(a)(6). The bankruptcy court found that Sanford did not personally serve

drinks to Reasoner and held that, although liable to Brown under state law, the acts giving rise to that liability were at worst negligent, and accordingly were not encompassed by the willful and malicious standard required for nondischargeability. The district court affirmed.

## II.

We review the district court's review of the bankruptcy court *de novo*, applying the same standard applied there. The bankruptcy court's findings of fact are reviewed only for clear error, *e.g.*, *In re Missionary Baptist Foundation of America, Inc.*, 712 F.2d 206, 209 (5th Cir. 1983); questions of law and mixed questions of law and fact, *de novo*. *E.g.*, *Frame v. S-H, Inc.*, 967 F.2d 194, 202 (5th Cir. 1990).

Brown urges that the bankruptcy court erred when it found that the debt owed by Sanford as a result of his liability under the Texas Dram Shop Act was dischargeable. For the reasons given by the district court in its thorough opinion, we find no error. We conclude that the court's factual finding that Sanford did not personally sell any drinks to Reasoner is not clearly erroneous, and agree with its holding that Sanford's actions, because he had no personal involvement, were not willful, but rather, at worst, negligent. Moreover, we agree with both lower courts that, regardless of Sanford's liability under Texas state law for the injuries Brown received, for purposes of the Bankruptcy Code,

Sanford's actions were not a "willful and malicious injury by the debtor".  11 U.S.C. § 523(a)(6).

III.

For the foregoing reasons, the judgment is

*AFFIRMED.*